

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2002

# Standard Fire Ins Co v. Arnold

Precedential or Non-Precedential:

Docket 1-1467

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

## Recommended Citation

"Standard Fire Ins Co v. Arnold" (2002). *2002 Decisions.* Paper 118.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/118

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-1467
_____

STANDARD FIRE INSURANCE COMPANY

v.

CHRISTINA M. ARNOLD, EUGENE ARNOLD AND RICK NAUSS

Christina M. Arnold and Eugene Arnold, Appellants

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania

District Court Judge:  The Honorable William W. Caldwell.

(Civil Action No. 00-0568)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 8, 2002

Before: MANSMANN, RENDELL, and FUENTES Circuit Judges.

(Opinion Filed: February 13, 2002)
_____

MEMORANDUM OPINION
_____

FUENTES, Circuit Judge:

We dispense with a full recitation of the facts since we write only for the parties who are familiar with the facts and circumstances of this case. Briefly, on May 28, 1999, Appellant, Christina Arnold was attacked and seriously injured by her employer's dog while working in her employer's home. After receiving Workers' Compensation benefits, she filed a claim against the employer, Rick Nauss, who was insured under a homeowner's insurance policy issued by Appellee, Standard Fire Insurance Company. On cross motions for summary judgment, the District Court determined that Standard did not owe a duty to defend or indemnify Nauss, based on the Workers' Compensation exclusion contained in the policy. We will affirm.

In ruling on the motions, the District Court determined that the Workers' Compensation exclusion barred any recovery to Arnold. That exclusion bars coverage for bodily injury to someone eligible to receive Workers' Compensation benefits voluntarily provided or required to be provided by the insured. Arnold contends that she did not receive compensation benefits from the insured, Rick Nauss, "in his capacity as a homeowner." Rather, she states that she received benefits "via a workers' compensation policy issued by Princeton Insurance Company to 'Richard D. Nauss; t/a All American Pest Control'". Therefore, she claims, the Workers' Compensation exclusion does not apply.

The District Court disagreed and noted that a sole proprietorship has no existence separate and apart from its individual owner, and that it did not matter that Nauss traded under a name different from his own. See District Court Opinion, page 8, citing, inter alia, Glidden Company, Inc. v. Department of Labor and Industry, 700 A.2d 555, 558 (Pa. Commw. Ct. 1997). Indeed, Appellant admits in her brief that if Nauss "and his business are one and the same, then the exclusion would apply, and Standard would owe no duty to defend and indemnify."

The District Court found that, in fact, Rick Nauss and his pest control company are identical, and concluded that because Arnold received compensation benefits from the insured, the Workers' Compensation exclusion applied, and Standard owed no duty to

defend or indemnify. We discern no error in this determination, and we will thus
AFFIRM the opinion of the District Court.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
Circuit Judge